IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JAYLON KE'ANDRE GIBSON**                                                                 **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO. 3:25-cv-864-KHJ-MTP**

**MISSISSIPPI DEPARTMENT OF**
**HUMAN SERVICES, ET AL.**                                                              **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court *sua sponte* for evaluating whether Plaintiff Jaylon Ke'Andre Gibson's claims should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. Having carefully considered Plaintiff's submissions and applicable law, the undersigned recommends that Plaintiff's claims be dismissed.

## BACKGROUND

On November 12, 2025, Plaintiff, proceeding pro se, filed his Complaint [1] and Motion for Leave to Proceed *in forma pauperis* [2]. The Court granted the Motion for Leave to Proceed *in forma pauperis* [2] but found that Plaintiff's Complaint [1], which was reportedly brought under 42 U.S.C. § 1983, required clarification. *See* Orders [4], [5]. In the Complaint [1], Plaintiff alleged that the Mississippi Department of Human Services, along with three of its "workers", Ebony Anderson, Laken Dunn, and T Edwards, violated his "basic consumer rights," civil rights, and the False Claims Act by "ignoring [his] rights to be heard," "lack of disclosure," "denying such services acting under discrimination in the public accommodations," "choose due negligence and misrepresentation," and "false statements against MDHS privacy policy," among other things. Plaintiff, however, failed to provide any further factual allegations. *See* [1].

Thus, the Court directed Plaintiff to amend his Complaint [1] and clarify his claims. *See* Order [5]. On November 25, 2025, Plaintiff submitted an Amended Complaint [6] but it did not provide the clarification requested by the Court. The Amended Complaint [6] did not explain what claims Plaintiff was asserting, who he was asserting them against, or what facts support his claims. Accordingly, the Court directed Plaintiff to file a second amended complaint. *See* Order [7].

Plaintiff did so on December 19, 2025. *See* Second Amended Complaint [9]. This pleading, like the two before it, is vague and deficient.

## DISCUSSION

28 U.S.C. § 1915(e)(2)[1], applies to proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that … (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Because the Court has permitted Plaintiff to proceed *in forma pauperis* in this action, his case is subject to *sua sponte* dismissal.

In considering whether a plaintiff has stated a claim on which relief may be granted, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).

---

[1] The Court has granted Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, which imposes a screening responsibility upon the district court. *See* 28 U.S.C. § 1915(e)(2). This standard applies equally to prisoner and non-prisoner *in forma pauperis* cases. S*ee Newsome v. EEOC,* 301 F.3d 227, 231–33 (5th Cir.2002) (dismissing non-prisoner plaintiff's *in forma pauperis* complaint for frivolity and failure to state a claim under 28 U.S.C. § 1915(e)).

A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555. (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

Here, Plaintiff's claims have no facial plausibility. While the Court liberally construes pro se pleadings, pro se litigants are still required to "abide by the rules that govern the federal courts." *EEOC v. Simbaki Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). Furthermore, the burden is on Plaintiff to "plead specific facts" to support his claims. *Mass v. McDonald's Corp.*, 2004 WL 2624255, at *2 (N.D. Tex. Nov. 12, 2004) (citation omitted).

In the Second Amended Complaint [9], Plaintiff alleges a general time, date, and location for the "events" giving rise to his claims - the Mississippi Department of Human Services on October 9, 2025 at 3:17 p.m. [9] at 4. He details certain occurrences, such as: the Mississippi Department of Human Services representatives violated the "Free Exercise Clause" by discriminating "against such applicant application denying such person of their God Giving Rights of equality;" Defendants Ebony Anderson, T Edwards, and Laken Dunn committed "violations of the Civil Rights Act of 1964 regarding discrimination against such person/consumer;" Defendants failed "to provide requested services and/or products thus resulting default to such contractual obligations;" and Defendants Ebony Anderson, T Edwards,

3

and Laken Dunn violated the Food and Nutrition Act of 2008 "due to misrepresentation, false statements against MDHS." [9] at 4. He also alleges that Defendants violated "Basic Consumer Rights," committed medical malpractice, breached a contract, and violated the Food and Nutrition Act. [9] at 4-5; [9-1] at 2.

These allegations, however, even accepted as true and construed liberally, are unintelligible, conclusory, and fail to state a plausible claim. After three attempts, it is entirely unclear from the Second Amended Complaint [9] what facts, if any, support the claims Plaintiff is trying to assert against Defendants.

Courts should "allow a plaintiff to amend his complaint when justice so requires," but after "the plaintiff has had a fair opportunity to make his case, additional pleadings are futile and wasteful." *Mandawala v. Ne. Baptist Hosp., Counts 1, 2, & 11*, 16 F.4th 1144, 1155 (5th Cir. 2021) (cleaned up). Given Plaintiff's repeated failure to cure the deficiencies in his pleadings, dismissal is warranted.

## RECOMMENDATION

As Plaintiff fails to state a claim on which relief may be granted, even after multiple opportunities to do so, the undersigned recommends that Plaintiff's case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the

5

matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

     SO ORDERED this the 12th day of February, 2026.

                                      s/Michael T. Parker
                                      UNITED STATES MAGISTRATE JUDGE