UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAYLON KE'ANDRE GIBSON                                                              PLAINTIFF

V.                                              CIVIL ACTION NO. 3:25-CV-864-KHJ-MTP

MISSISSIPPI DEPARTMENT OF                                                        DEFENDANTS
HUMAN SERVICES, et al.

ORDER

Before the Court is Magistrate Judge Michael T. Parker's [11] Report and Recommendation. The [11] Report recommends dismissing Plaintiff Jaylon Ke'andre Gibson's ("Gibson") [9] Second Amended Complaint. R. & R. at 4. For the reasons below, the Court adopts the [11] Report and dismisses this case with prejudice.

I. Background

In November 2025, Gibson sued the Mississippi Department of Human Services ("MDHS") and three of its employees. *See* Compl. [1]. He said MDHS and its employees violated his "basic consumer rights," civil rights, and the False Claims Act. *Id.* at 3–6. Gibson attached documents and correspondence related to a benefits application he filed with MDHS. *See generally* Supporting Documents [1-1]. As relief, Gibson wanted two things: "(1) the maximum allotment regarding the Supplemental Nutrition Assistance Program benefits/assets limits of the amount of $3000 Electronic Benefit Transfer (EBT) monthly" and "(2) $1,000,000." *Id.* at 5.

Gibson soon moved for leave to proceed in forma pauperis ("IFP") *See* Mot. [2]. The Court granted Gibsons's [2] Motion but ordered him to amend his [1] Complaint and clarify his claims. *See* Order [4] (granting [2] Motion); Order [5] (requiring amendment). A few weeks later, Gibson filed his [6] First Amended Complaint. *See* First Am. Compl. [6]. But Gibson's [6] First Amended Complaint failed to comply with federal pleading standards. Order [7] at 2–3. So the Court ordered Gibson to amend it again. *Id.* at 3. Gibson filed his [9] Second Amended Complaint the next day. *See* Second Am. Compl. [9].[1] He then filed a [10] "Motion/Request for Clarification or Explanation." *See* [10] Mot.

The Magistrate Judge then screened Gibson's [9] Second Amended Complaint, as required by Section 1915 for IFP litigants. *See* [11] at 2 n.2 (explaining screening procedure); *see also* 28 U.S.C. § 1915(e)(2). The Magistrate Judge recommends dismissing Gibson's case because his "claims have no facial plausibility." [11] at 3. Put differently, "[a]fter three attempts, it is entirely unclear from the Second Amended Complaint [9] what facts, if any, support the claims [Gibson] is trying to assert against Defendants." *Id.* at 4. For that reason, the Magistrate Judge recommends dismissing Gibson's case without further leave to amend. *Id.* Gibson disagrees with the Magistrate Judge's [11] Report. *See* Obj. [12]. So the Court addresses his [12] Objection.

---

[1] This time, Gibson added claims for violations of the Free Exercise Clause, the Civil Rights Act of 1964, and the Food and Nutrition Act of 2008, alongside claims for medical malpractice and breach of contract. *See* [9] at 4–5; Suppl. Docs. [9-1] at 2. And he increased his damages amount to $200,000,000. [9] at 5.

II.  Standard

When no party timely objects to a magistrate judge's report, the district court applies "the 'clearly erroneous, abuse of discretion[,] and contrary to law' standard of review." *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam). But when a party objects to portions of the report, the district court must review those portions de novo. 28 U.S.C. § 636(b)(1).

Even so, courts need not "reiterate the findings and conclusions of the magistrate judge," *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (per curiam), or consider "[f]rivolous, conclusive[,] or general objections . . . ." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428 (5th Cir. 1996) (en banc). And parties cannot "raise a factual objection by merely reurging arguments contained in" previous filings. *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993).

III.  Analysis

The Court agrees with the [11] Report. On that basis, the Court overrules Gibson's [12] Objection, adopts the [11] Report, and dismisses Gibson's case under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

Section 1915(e)(2)(B) requires the Court to dismiss an IFP complaint if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). To satisfy this standard, Gibson's [9] Second Amended Complaint must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009). These "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation modified). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Peña v. City of Rio Grande City*, 879 F.3d 613, 618 (5th Cir. 2018) (citation modified).

As the [11] Report explains, Gibson's [9] Second Amended Complaint fails this test. [11] at 3–4. Although Gibson includes "a general time, date and location" for the facts underlying his claims, his [9] Second Amended Complaint does not adequately explain who he is suing, why he is suing them, and what facts support his claims. *Id.* at 2. After three attempts, Gibson's [9] Second Amended Complaint remains "unintelligible" and "conclusory." *Id.* at 4. So it fails to state a claim and dismissal is warranted under Section 1915(e)(2)(B). Moreover, leave to amend is not required because Gibson "has had a fair opportunity make his case" so "additional pleadings are futile and wasteful." *Mandawala v. Ne. Baptist Hosp., Counts 1, 2, & 11*, 16 F.4th 1144, 1155 (5th Cir. 2021) (citation modified).

Gibson's [12] Objection does not alter this conclusion. Gibson argues that his [9] Second Amended Complaint states a claim because it "identif[ied] a discrete event, identified actors, and statutory theories." [12] at 2. He then explains how his allegations match the elements listed in 12 U.S.C. § 5536 and 42 U.S.C. § 2000(a). *See id.* at 3–4. But the [9] Second Amended Complaint pleads neither statute as a

4

cause of action. *See* [9] at 3–6; [9-1] at 1–4. Moreover, listing a time, location, and a few government actors is not enough to survive dismissal. The [11] Report recommends dismissal because Gibson lists half a dozen causes of action but alleges no facts to support them. Gibson's [12] Objection continues in that vein, offering statutory provisions and vague allegations without addressing the pleading defects the Court has already identified.

After three attempts, Gibson still fails to state a claim. So the Court dismisses his [9] Second Amended Complaint with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) and finds as moot his [10] Motion.

IV.   Conclusion

For the reasons stated above, the Court OVERRULES Gibson's [12] Objection, ADOPTS the [11] Report, DISMISSES WITH PREJUDICE Gibson's [9] Second Amended Complaint, and FINDS AS MOOT Gibson's [10] Motion. In doing so, the Court has considered all the parties' arguments. Those arguments not addressed would not have altered the Court's decision. The Court will enter a separate final judgment consistent with this Order.

SO ORDERED, this 6th day of March, 2026.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE